UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| PRIME 3 GROUP, LLC,<br><br>  Plaintiff,<br>  v.<br>SOLFOCUS, INC.,<br><br>  Defendant.<br>_____/ | No. C 13-0264 MEJ<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br>[Dkt. No. 8] |

## I. INTRODUCTION

Pending before the Court is Plaintiff Prime 3 Group, LLC's Motion for Default Judgment, filed on March 18, 2013. Dkt. No. 8. After careful consideration of Plaintiff's Motion and relevant authority, the Court hereby DENIES default judgment against Defendant Solfocus, Inc. without prejudice and GRANTS Plaintiff leave to file an amended complaint.

## II. BACKGROUND

The instant lawsuit follows a previous action between the parties, *Prime3Group, LLC v. SolfFocus, Inc.*, Case No. C 11-03072 EMC. Compl. ¶ 3, Dkt. No. 1. In that matter, the parties entered into a Settlement Agreement on October 7, 2011, pursuant to which Defendant agreed to make six equal settlement payments of $25,000 on six dates in 2011, 2012, and 2013. *Id*.

In its Complaint, Plaintiff alleges that Defendant made the first three payments, but failed to make the fourth and fifth payments on September 15, 2012 and December 15, 2012, respectively. *Id*. ¶¶ 8-9. Plaintiff further alleges that "based on [Defendant's] aforementioned breaches of the Agreement, [Plaintiff] is informed and believes and thereon alleges that [Defendant] similarly will not make its sixth payment of $25,000, which is due on March 15, 2013." *Id*. ¶ 10. Based on these allegations, Plaintiff asserts a claim for breach of contract and seeks $75,000 in contract damages (representing payments four, five, and six), prejudgment interest on the missed payments, and

1  attorney fees. *Id*. at 3.

2  After Defendant failed to timely answer, Plaintiff moved for entry of default on February 28,
3  2013 (Dkt. No. 5), which the Clerk of Court entered on March 6, 2013 (Dkt. No. 7). Plaintiff
4  thereafter filed the instant Motion seeking default judgment against Defendant.

5  In its Motion, Plaintiff explains that since the filing of the Complaint, Defendant has made
6  the fourth and fifth settlement payments, but has now missed the sixth settlement payment due on
7  March 15, 2013. Mot. at 2. Thus, Plaintiff now seeks entry of default judgment on its breach of
8  contract claim and an award of $37,453.01, constituting $25,000 for the missed sixth payment,
9  $1,457 in prejudgment interest, and $10,996.01 in attorneys fees and costs. *See* Dkt. Nos. 8, 12.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) permits a court, following a default by a defendant, to enter a final default judgment in a case. Fed. R. Civ. P. 55(b)(2). The court has discretion in determining whether to grant or deny a motion for entry of default judgment. *Draper v. Coombes*, 792 F.2d 915, 924 (9th Cir. 1986); *see also Kingvision Pay-Per-View, Ltd. v. Rivers*, 2000 WL 356378, *1 (N.D. Cal. Mar. 28, 2000). "Generally, upon an entry of default, the factual allegations of the plaintiff's complaint will be taken as true." *Rivers*, 2000 WL 356378, at *1. "For a default judgment, well-pleaded factual allegations are sufficient to establish a defendant's liability. However, the allegations of the complaint regarding the amount of damages suffered are not controlling." *Kingvision Pay-Per-View, Ltd. v. Backman, et. al.*, 102 F. Supp. 2d 1196, 1197 (N.D. Cal. 2000) (citing *Dundee Cement Co. v. Howard Pipe & Concrete Products*, 722 F.2d 1319, 1323-1324 (7th Cir.1983)); *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977)).

In deciding whether to grant a motion for default judgment, the Court examines: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sum of money at stake in the action; (4) the possibility of a dispute concerning material facts; (5) whether the default was due to excusable neglect; and (6) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Finally, where a default judgment is granted, the scope of relief is limited by Federal Rules of Civil Procedure 54(c) and 55(d). "A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment" in the complaint. Fed. R. Civ. P. 54(c), 55(d).

## IV. DISCUSSION

Reviewing Plaintiff's Motion and relief requested, the Court notes that the facts have changed significantly since Plaintiff filed this lawsuit. Particularly, Defendant has paid $50,000 to satisfy the fourth and fifth settlement installment payments, but has now missed the sixth installment payment. The damages Plaintiff seeks are now predominately based on the missed sixth payment, *which was only alleged as an anticipated or prospective breach in the Complaint*. *See* Compl. ¶ 10. As a result of these factual developments, the Complaint no longer matches the grounds on which Plaintiff seeks entry of default judgment. Accordingly, the Court DENIES Plaintiff's Motion for Default Judgment without prejudice. The Court further GRANTS Plaintiff leave to file an amended complaint setting forth the current facts supporting its breach of contract claim and the damages sought. Plaintiff's amended complaint shall be due by April 25, 2013.

## V. CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiff's Motion for Default Judgment (Dkt. No. 8) **WITHOUT PREJUDICE** and **GRANTS** Plaintiff leave to file an amended complaint. Further, the Court **VACATES** the hearing set for April 25, 2013.

IT IS SO ORDERED.

Dated: April 10, 2013.

_____
Maria-Elena James
US Magistrate Judge